# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AIPERI MAIRYKEEVA, et al.,**
        **Plaintiff,**

v.                                                    CIVIL ACTION NO. 18-4598

**WILLIAM BARR, et al.,**
        **Defendants.**

## MEMORANDUM OPINION

**Rufe, J.**                                                            **May 7, 2019**

This case arises from the Board of Immigration Appeal's ("BIA") decision affirming the United States Citizen and Immigration Services' ("USCIS") denial of Marat Yrysbekov's I–130 immigrant visa petition, which he filed for the benefit of his non-citizen wife, Aiperi Mairykeeva. Presently before the Court are the parties' cross-motions for summary judgment: Plaintiffs, Yrysbekov and Mairykeeva, assert that the denial of the I–130 petition was arbitrary and capricious, violating the Administrative Procedures Act ("APA") as well as the due process and equal protection clauses of the Constitution, and Defendants[1] assert that the agency's decision was reasonable and should be upheld.[2] For the reasons that follow, Plaintiffs' motion will be denied, and Defendants' motion will be granted.

---

[1] Plaintiffs named the United States Attorney General, the Secretary of the Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, and the District Director of the United States Citizenship and Immigration Services. Plaintiffs have sued Defendants in their official capacities.

[2] District courts have jurisdiction to review a decision on the merits of a petition to classify a non-citizen as a relative of a United States citizen. *Adi v. United States*, 498 F. App'x 478, 480 (6th Cir. 2012) ("The statute conferring exclusive jurisdiction over immigration appeals on the courts of appeals is 8 U.S.C. § 1252(a), which is limited solely to appeals from a final order of removal. The denial of an I–130 application is not such an order. Indeed, it has long been recognized that the district courts have jurisdiction to review a decision on the merits of an I–130 petition to classify an alien as a relative of a United States citizen.") (internal quotations and citation omitted); *see also Smith v. Holder*, 487 F. App'x 731, 733 (3d Cir. 2012) (finding that the district court had jurisdiction to decide a denial of an I–130 petition "pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704").

## I. BACKGROUND[3]

Pursuant to the Immigration and Nationality Act ("INA"), a United States citizen may petition to have his or her spouse obtain lawful resident status through an I–130 petition.[4] Mairykeeva, the beneficiary of Yrysbekov's I–130 petition, is a citizen of Kyrgyzstan who arrived in the United States on June 29, 2011, as a visitor in B2 visa status. On her nonimmigrant visa application, she certified that she was married to an individual named Arsen Dzholdoshbekov.[5] Upon entering the United States, Mairykeeva married an individual named Ivan Budiac; they divorced on August 21, 2013.[6] On January 6, 2014, Mairykeeva married Yrysbekov, a United States citizen.[7] Nearly two years later, on November 6, 2015, Yrysbekov filed an I–130 petition on Mairykeeva's behalf.[8] That I–130 petition did not mention Mairykeeva's earlier purported marriage to Dzholdoshbekov.[9]

Plaintiffs' immigrant visa interview with USCIS was conducted on November 18, 2015.[10] Plaintiffs contend that, at this interview, Mairykeeva "stated several times to the USCIS officer that she was never married to Mr. Dzholdoshbekov."[11] Although the record neither confirms nor refutes Mairykeeva's assertion that she admitted to the fraud on her nonimmigrant visa

---

[3] Unless otherwise noted, the factual background of the case derives from the Record and the undisputed facts as provided in the parties' summary judgment briefings.

[4] 8 U.S.C. § 1151 (b)(2)(A)(i).

[5] *See* B2 Tourist Visa Application [Doc. No. 4-12] at 1, 3.

[6] *See* I–130 Petition for Alien Relative [Doc. No. 4-10] at 1.

[7] *Id.*

[8] *Id.*

[9] The I–130 petition lists Mairykeeva as having one prior spouse, Ivan Budiac. The Petition makes no reference to Dzholdoshbekov. *Id.*

[10] *See* USCIS Notice of Decision [Doc. No. 4-6] at 1.

[11] Pls.' Mot. Summ. J. [Doc. No. 5] at 8. Plaintiff also asserted in her Statement in Support of Appeal that she "informed the USCIS officer that I was never married to Arsen Dzholdoshbekov and that I falsely stated that I was married to him on my visa application." Statement in Supp. of Appeal, Ex. D [Doc. No. 4-4] ¶ 2.

application during the interview,[12] Defendants appear to agree that she denied the marriage to Dzholdoshbekov.[13]

After the interview, the USCIS issued a Notice of Intent to Deny ("NOID") the I–130 Petition, which informed Plaintiffs that the USCIS intended to deny their petition because they failed to prove that Mairykeeva's prior marriage to Dzholdoshbekov had been terminated.[14] The NOID further provided Plaintiffs 30 days to offer evidence of the lawful termination of this marriage to Dzholdoshbekov.[15] In response, Plaintiffs submitted a fraudulent divorce decree that purported to show that this marriage, which Plaintiffs assert never occurred, was terminated.[16] Mairykeeva asserts that she submitted this fraudulent document pursuant to the advice of her former attorney, after she had asked him how she should respond to the NOID "since she was never married to Mr. Dzholdoshbekov" and thus could not comply with the demand for proof of divorce.[17]

---

[12] It is not clear from the record whether Mairykeeva attempted to clarify the conflict between her nonimmigrant visa petition, in which she asserted that she was married to Dzholdoshbekov in Kyrgyzstan, and her I–130 petition, in which she asserted that she had been married only once before to an individual other than Dzholdoshbekov. The USCIS decision states that, "[a]t th[e] interview the beneficiary testified, under oath, that other than her current marriage with [Yrysbekov], she had contracted just one prior marriage in her lifetime," referring to the marriage to Budiac. USCIS Notice of Decision [Doc. No. 4-6] at 1-2. Neither the USCIS decision nor the BIA's decision makes any reference to Mairykeeva's alleged admission, during the interview, that she lied on her nonimmigrant visa application about being married to Dzholdoshbekov. Additionally, the "Interview Notes" indicate that Mairykeeva "says [she was] never married" and that her nonimmigrant visa petition references an "undisclosed" prior spouse. Interview Notes [Doc. No. 4-11] at 2.

[13] Defendants do not contest Mairykeeva's characterization of the interview, and, in their briefing, assert that Mairykeeva "den[ied] to the USCIS officer that she had been married to Dzoldoshbekov." Defs.' Mot. Summ. J. [Doc. No. 6] at 2.

[14] Notice Intent to Deny [Doc. No. 4-7] at 2-3.

[15] *Id.*

[16] *See* Statement of Findings [Doc. No. 4-13] at 2 (determining that "a fraudulent divorce decree for Mairykeeva's claimed termination of marriage to Dzholdoshbekov was submitted to USCIS").

[17] Mairykeeva has filed a complaint against this attorney. Complaint Form, Ex. 1 [Doc. No. 4-5] at 1-3.

The Philadelphia USCIS office denied Plaintiffs' I–130 Petition.[18] In its decision, the USCIS concluded that Yrysbekov failed to meet his burden of establishing that Mairykeeva and Yrysbekov's marriage was valid for immigration purposes, because Yrysbekov "failed to provide proof of the legal termination of the beneficiary's previous marriage to Arsen Dzholdoshbekov as required."[19]

Yrysbekov appealed that decision to the Board of Immigration Appeals ("BIA"). In support of the appeal, he provided the complaint Mairykeeva filed against the former counsel who allegedly encouraged her to submit the fraudulent divorce decree, an unsworn written statement in which Mairykeeva explained why she claimed to be married on her nonimmigrant visa application and why she obtained a fraudulent divorce decree, and a document from Kyrgyzstan purporting to show that Dzholdoshbekov was not currently married.[20] The BIA affirmed the USCIS's denial of the I–130 petition, finding that Yrysbekov "did not provide evidence of the legal termination of the beneficiary's prior marriage to A.D. whom she specifically named as her spouse on … [her] Nonimmigrant Visa Application"[21] and that Mairykeeva's "prior false statements regarding her marital status call into question the credibility of the petitioner, the beneficiary, and the validity of the documentation submitted on appeal."[22] The BIA's decision also stated that the Board would not consider the additional evidence offered

---

[18] USCIS Notice of Decision [Doc. No. 4-6].

[19] *Id.* at 2.

[20] Statement in Supp. of Appeal [Doc. No. 4-4] at 13-14; Document from National Archives for Civil Registration in Kyrgyzstan [Doc. No. 4-4] at 17-19; Complaint Form [Doc. No. 4-5] at 1-3.

[21] Decision of Board of Immigration Appeals [Doc. No. 4-1] at 1.

[22] *Id.* at 3.

for the first time on appeal, as Yrysbekov had already been on notice of the deficiency in the evidence through the NOID and was given an opportunity to address it.[23]

Plaintiffs then filed a complaint in this Court, alleging that the denial of the I-130 petition was unlawful under the APA, violated the USCIS and BIA's duty to properly adjudicate immigrant visa petitions under 28 U.S.C. § 1361, and violated Plaintiffs' rights to due process and equal protection.

## II. STANDARD OF REVIEW

The petitioner bears the burden of establishing eligibility for the benefit sought in an I–130 petition.[24] The USCIS determines whether the petitioner meets this burden using a preponderance of the evidence standard,[25] and the "BIA conducts a de novo review of the [USCIS's] decision." [26]

"While summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review, because the district judge sits as an appellate tribunal in such cases, the usual summary judgment standard does not apply."[27] Instead, under the APA, a district court may only set aside an agency's action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[28] Review under the "arbitrary and capricious" standard "is narrow and a court is not to substitute its judgment for that of the agency."[29] An

---

[23] *Id.* at 2. (citing *Matter of Soriano*, 19 I. & N. Dec. 764, 766 (BIA 1988); *Matter of Obaigbena*, 19 I. & N. Dec. 533, 537 (BIA 1988)).

[24] *Matter of Brantigan,* 11 I. & N. Dec. 493, 494–95 (BIA 1966).

[25] *Matter of Soo Hoo*, 11 I. & N. Dec. 151, 152 (BIA 1965).

[26] *Salazar-Paucar v. I.N.S.*, 281 F.3d 1069, 1073 (9th Cir. 2002).

[27] *Dorley v. Cardinale*, 119 F. Supp. 3d 345, 351 (E.D. Pa. 2015) (citation omitted).

[28] 5 U.S.C. § 706(2)(A).

[29] *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

5

agency's ruling is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[30] "The court should not re-weigh the evidence presented but must determine only if a reasonable mind might accept [the evidence] as adequate to support a conclusion."[31] "To reverse [a] BIA finding [a court] must find that the evidence not only *supports* that conclusion, but *compels* it."[32]

### III. DISCUSSION

#### 1. Claims Under the APA

Plaintiffs argue that because Mairykeeva "conclusively repudiated and disavowed" the statement on her nonimmigrant visa application that she was married to Dzholdoshbekov, the government's determination that Plaintiffs failed to demonstrate Mairykeeva was legally free to marry Yrysbekov was unreasonable.[33] Plaintiffs contend that the government has approved petitions filed by similarly situated aliens in the past, and it was therefore arbitrary to deny theirs. Additionally, Plaintiffs argue that although individuals such as Mairykeeva who have sought to procure admission into the U.S. by fraud are generally inadmissible,[34] such individuals may apply to the Attorney General for a waiver of inadmissibility. Plaintiffs contend that by denying the I–130 petition, Defendants have precluded Mairykeeva from filing the fraud waiver

---

[30] *Id.*

[31] *Smith*, 487 F. App'x at 733 (citation omitted).

[32] *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

[33] Pls.' Mot. Summ. J. [Doc. No. 5] at 9.

[34] 8 U.S.C. § 1182 (a)(6)(C)(i).

6

application.[35] According to Plaintiffs, "the proper procedure would have been to approve the I–130 petition and then to allow Plaintiff beneficiary to seek [the waiver]."[36]

In response, Defendants assert that the decision was not arbitrary and capricious because Mairykeeva submitted fraudulent and conflicting evidence relating to a prior alleged marriage in Kyrgyzstan, and it was thus reasonable to determine that she lacked credibility when she disavowed this alleged marriage. Defendants also contend that, while the USCIS has approved I-130 petitions where the beneficiary had previously made false representations about being married, the beneficiaries in those cases were able to demonstrate through documentation and testimony that such previous representations were false; Mairykeeva, however, has changed her story and presented conflicting evidence to the USCIS.[37] Finally, Defendants argue that Plaintiffs "put the proverbial cart before the horse"[38] by focusing on their inability to seek a fraud waiver rather than Mairykeeva's failure to establish that she was lawfully married to Yrysbekov.

Given the numerous conflicting representations by Mairykeeva, the Court cannot find the agency's decision to be arbitrary or capricious. Mairykeeva claimed she was married to Dzholdoshbekov in her nonimmigrant visa application, but did not mention such a marriage, or disavow it, in the I–130 petition. Plaintiffs also failed to provide the USCIS any objective evidence to confirm the claim that no marriage in Kyrgyzstan ever occurred, and instead provided a fraudulent divorce decree purporting to show that she divorced Dzholdoshbekov. On appeal, Plaintiffs provided the certificate purporting to show that Dzholdoshbekov was not

---

[35] Pls.' Mot. Summ. J. [Doc. No. 5] 9-10, 13-14.

[36] *Id.* at 13.

[37] Defs.' Resp. [Doc. No. 7] at 3.

[38] *Id.* at 1-2.

7

married, at which time the BIA was not obliged to consider it.[39] Although Mairykeeva contends that she told the Director of the USCIS that she lied about this marriage on her nonimmigrant visa petition, her uncorroborated statements do not render the USCIS's decision, and the BIA's affirmance of it, arbitrary or capricious, especially considering the false statements and fraudulent divorce decree that reasonably undermined her credibility.

In sum, Mairykeeva appears to concede that she relied almost entirely on her credibility[40] in disavowing her prior allegedly false statement that she was married to Dzholdoshbekov in Kyrgyzstan. "Plaintiffs' position put the Government in a precarious situation. Either they believe [Mairykeeva's] statement without credible corroborative evidence or they discredit [Mairykeeva's] statement because of the lack of credible corroborative evidence. The Government choosing the later position is not arbitrary and capricious,"[41] and the Court cannot find that the record "compels the opposite conclusion."[42]

Moreover, Plaintiffs' motion appears to ignore that the burden of establishing eligibility for the alien relative petition lies with them. Specifically, Plaintiffs complain that the USCIS failed to verify Mairykeeva's alleged marriage to Dzholdoshbekov, and that the immigration officer who contacted the U.S. consular official to obtain verification that the purported divorce

---

[39] "Where … the petitioner was put on notice of the required evidence and given a reasonable opportunity to provide it for the record before the denial, [the BIA] will not consider evidence submitted on appeal for any purpose. Rather, [the BIA] will adjudicate the appeal based on the record of proceedings before the district or Regional Service Center director. In such a case, if the petitioner desires further consideration, he or she must file a new visa petition." *Matter of Soriano*, 19 I. & N. Dec. at 766 (internal citation omitted). Additionally, it should be noted that Plaintiffs did not provide any evidence as to whether Mairykeeva had ever been married in Kyrgyzstan.

[40] Plaintiffs argue that there was "no reason for the [USCIS] to trust the information which Plaintiff provided to the US Consulate in Kyrgyzstan" on her nonimmigrant visa application "when she herself had retracted and repudiated it." Pls.' Mot. Summ. J. [Doc. No. 5] at 16. Plaintiff also argued that "it was absurd, improper and unreasonable for the USCIS to claim that Plaintiff was married to Mr. Dzholdoshbekov when Plaintiff herself has conclusively repudiated and disavowed the statements made on her [nonimmigrant visa application]." *Id.* at 9.

[41] *Bangoura v. Sessions*, No. 18–2274, 2019 WL 342711, at *8 (E.D. Pa. Jan. 28, 2019).

[42] "To reverse the BIA finding, [this Court] must find that the evidence not only *supports* [the opposite] conclusion but *compels* it …." *Elias–Zacarias*, 502 U.S. at 481 n.1.

decree was not a genuine document "never attempted to verify whether the alleged marriage between Ms. Mairykeeva and Mr. Dzholodoshbekov ever took place."[43] But the petitioner, not the government, has the burden of establishing the eligibility for the benefit sought,[44] and the petitioner is thus "responsible for the ambiguities in the record, and it is incumbent upon the petitioner to resolve the inconsistencies by *independent objective evidence.*"[45] Under appropriate circumstances, "[d]oubt cast on any aspect of the petitioner's proof may ... lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition."[46] Accordingly, it was not "absurd," as Plaintiffs argue, for the agency to determine that Mairykeeva did not demonstrate that she was free to legally marry Yrysbekov, just because "[Mairykeeva] herself has conclusively repudiated and disavowed the statements made on her [nonimmigrant visa application]."[47]

**2. Constitutional Claims**

Plaintiffs also allege that the USCIS's decision violated due process and equal protection. As the Court has determined that the agency's decision was proper, and as Plaintiffs were granted numerous opportunities to present their case and evidence during the adjudicative process, they cannot establish that their procedural due process rights were violated.[48] To the extent Plaintiffs allege a substantive due process violation, it also fails, as "cognizant of Congress's plenary authority to set the conditions for an alien's entry into the United States …

---

[43] Pls.' Mot. Summ. J. [Doc. No. 5] at 8.

[44] *Matter of Brantigan,* 11 I. & N. Dec. at 494–95.

[45] *Matter of Ho*, 19 I. & N. Dec. 582, 591 (BIA 1988) (emphasis added).

[46] *Id.*

[47] Pls.' Mot. Summ. J. [Doc. No. 5] at 9.

[48] *See Herrera v. Holder*, No. 13-640, 2013 WL 6022243, at *5 n.1 (D.N.J. Nov. 12, 2013) ("Because Plaintiffs' APA claim fails, their Fifth Amendment due process claim must also fail.").

no court has recognized that a citizen spouse has a constitutional right to have his or her alien spouse reside in the United States."[49] Finally, Plaintiffs fail to allege an equal protection claim. Although Plaintiffs contend that the USCIS has approved petitions filed by similarly situated aliens, the agency in this case adequately explained the decision not to accept Mairykeeva's testimony as credible. Plaintiffs' constitutional claims therefore fail.

IV. CONCLUSION

For the foregoing reasons, the BIA did not act arbitrarily, capriciously, or abuse its discretion in reaching its decision to affirm the USCIS's denial of Plaintiffs' I–130 visa petition. Plaintiffs' motion for summary judgment is denied, and Defendants' motion for summary judgment is granted. An appropriate Order follows.

---

[49] *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 565 (3d Cir. 2018).